EMMA A. LIVINGS ET AL. v. THE HOME MUTUAL FIRE INS. CO. OF IONIA, CLINTON AND MONTCALM COUNTIES.

*Fire insurance—Evidence of value and extent of loss.*

In an action on a fire insurance policy for $1600 upon a stock of goods all record evidence of the value of which had been destroyed, it was *held* proper for the defense, who claimed that the stock was small and greatly over-insured, and that it was burned for the insurance money, to introduce testimony comparing it with other stock worth $500, and prove that one of the plaintiffs said at about the time of the fire that he had but $500 insurance, and to produce the testimony of a drayman who was familiar with the stock.

Error to Ionia. (V. H. Smith, J.) Jan. 18.—Feb. 27.

ASSUMPSIT. Defendant brings error. Reversed.

*Morse, Wilson & Trowbridge,* for appellant, cited in sup-

port of the materiality of the rejected testimony : *Insurance Co. v. Weide*, 11 Wall. 439 ; *Howard v. City Fire Insurance Co.* 4 Den. 502; *Haines v. Republic Fire Insurance Co.* 52 N. H. 467; Wood on Fire Insurance 499 ; May on Insurance 560 ; *Continental Insurance Co. v. Horton* 28 Mich. 173; *Evans v. People* 12 Mich. 27 ; *D. & M. R. R. Co. v. Van Steinburg* 17 Mich. 99 ; *Sirrine v. Briggs* 31 Mich. 444; *Worthington v. Hanna* 23 Mich. 535.

*Cook & Daboll* and *Mitchel, Bell & McGarry* for appellees.

MARSTON, J. This action was brought to recover the loss sustained by fire of a stock of goods insured by the defendant company. The amount of insurance was sixteen hundred dollars, and a total loss was claimed.

The defense relied upon was that the plaintiffs had but a small stock of goods at the time of the fire, the value thereof being about one-third the amount of the sum insured, and that the goods were willfully burned in order to recover the sum insured. The plaintiffs in making out proofs of loss, and in proving their case upon the trial, were obliged to rely upon memory alone, all books, papers and memorandums having been destroyed.

The building in which the goods were, was situate in a small village, and the defendant called several witnesses and sought to show by them that plaintiffs' stock of goods was small ; to compare it with a certain other stock of the value of five hundred dollars ; the testimony of a drayman who was familiar with plaintiffs' stock, and remarks made by one of the plaintiffs about the time of the fire that he had but $500 insurance upon his stock. This evidence was excluded.

In view of the nature of the defense relied upon, and the loose manner in which the plaintiffs sought to show the value of the stock destroyed, we are of opinion that this evidence should have been admitted. It had some tendency to fix the value of the stock, and was really the best within the reach of the defendant. In many cases such evidence

would be of but slight importance, while in others, owing to the large loss of goods claimed, and the size of the building and appearance of the stock therein, the evidence would be very strong. The weight was a question for the jury and the evidence should have been admitted. The other questions we need not pass upon as they may not arise again.

Judgment reversed with costs and a new trial.

GRAVES, C. J. and COOLEY, J. concurred.